**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:
ANDRES ACUNA                              : CHAPTER 13
KARIN M. ACUNA                            :
                                          :
       DEBTOR                     : CASE NO. 17-18213-ref
                                          :
                                          :
ERNST VALERY INVESTMENTS CORP.            :
       MOVANT                     :

**ORDER OF COURT**

AND NOW this ____ day of _____, 2017, on consideration of the Objection of Ernst Valery Investments Corp. to confirmation of the Proposed Plan, and any reply thereto, it is hereby ORDERED that said Plan is DENIED.

                                    BY THE COURT:

                                    _____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | |
| ANDRES ACUNA | : CHAPTER 13 |
| KARIN M. ACUNA | : |
| | : |
| DEBTOR | : CASE NO. 17-18213-ref |
| | : |
| | : |
| ERNST VALERY INVESTMENTS CORP. | : |
| MOVANT | : |

<u>OBJECTION OF ERNST VALERY INVESTMENTS CORP. TO
PROPOSED CHAPTER 13 PLAN OF DEBTOR</u>

Ernst Valery Investments Corp. ("EVI"), objects to the Proposed Chapter 13 Plan of Debtor, and in support thereof says as follows:

1. This case was filed on or about December 6, 2017. A Proposed Plan was filed by the Debtor on January 22, 2018.

2. EVI is a party in interest in this case and holds a first lien mortgage position on Debtor's property commonly known and numbered as 1656 Cotton Street, City of Reading, Berks County, PA 19602 (the "Property" or "Mortgaged Premises"), reduced to judgment.

3. Debtor is indebted to EVI pursuant to all that certain Promissory Note, dated September 17, 2010, in the original principal amount of $45,000.00.

4. Pursuant to the terms of the Note EVI is entitled to receive the principal sum together with interest at the rate of 12% per annum.

5. The debt evidenced by the September 17, 2010 Note is secured by a first lien mortgage on the Mortgaged Premises recorded in the Office of the Recorder of

Deeds in and for the County of Berks on September 17, 2010, Instrument NO. 2010035769.

6. Debtor's Proposed Chapter 13 Plan does not set forth amounts sufficient to pay EVI in full.

7. Debtor basis its payments under the proposed Plan to EVI on an outstanding debt in the amount of $15,000.00 with interest at 5% over the life of the Plan.

8. The amount due and outstanding as of the date of the filing of the Petition is $59,363.23.

9. Interest continues to accrue on the principal balance at the rate of 12% in accord with the Note.

10. Debtor proposes to make 60 monthly payments in the amount of $750.00 each for a total payment to the Trustee in the amount of $45,000.00, an amount which does not cover EVI's claim in full as of the date of filing, let alone include interest over the life of the Plan.

11. Debtor thus proposes to pay EVI a total of $16,984.11 under the terms of the proposed Plan.

12. EVI is due, over the life of the proposed Plan $76,156.48, plus ongoing attorney's fees and costs.

13. In addition to these items, Debtor has failed to pay real estate and school taxes on the Mortgaged Premises in the total amount of $5704.54. Debtor only accounts for the sum of $5236.60 in its Proposed Plan.

14. Moreover, Debtor does not account for the payment of ongoing real estate and school tax for the Mortgaged Premises in the approximate amount of $4624.85 per year.

15. Debtor is further obligated to maintain insurance on the Mortgaged Premises and fails to show any indication of the existence such a policy.

16. Debtor has made no post-petition payments pursuant to the terms of the Note.

17. Debtor's proposed plan is not adequately funded.

18. Payment of EVI's claim alone requires monthly payments in the amount of $1269.27.

19. Such payment does not include Debtor's other debts and obligations and therefore fails on its face.

20. EVI objects to the proposed Plan of the Debtor because the Plan does not adequately fund EVI's and Priority claims in their entirety and is based, in part, on speculative income availability to make said payments.

WHEREFORE, Ernst Valery Investments Corp. respectfully requests this Honorable Court deny confirmation of the Proposed Plan.

    Respectfully submitted,

    Law Offices of Richard J. Weitzman, P.C.

    By:    */s/ Richard J. Weitzman, Esquire*
          Richard J. Weitzman, Esquire
          Attorney for Creditor Ernst Valery Investments Corp.
          3 N. 2nd Street; Suite 200
          Philadelphia, PA 19106
          (215) 627-4400
          rich@rjweitzmanlaw.com

Dated: January 24, 2018